E-FILED
Tuesday, 19 August, 2008  08:28:59 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ENRIQUE PARDO, | ) |
| | ) |
| Petitioner, | )   No. 07-cv-1258 |
| | ) |
| v. | ) |
| | ) |
| ADELLA JORDON-LUSTER, | ) |
| | ) |
| Respondent. | ) |

### O P I N I O N  A N D  O R D E R

Before the Court is a Petition for a Writ of Habeas Corpus (Doc. 1) and a Motion to Excuse Exhaustion of State Remedies (Doc. 2).  For the following reasons, Petitioner's requests are DENIED.

After a petitioner has filed an application for a writ of habeas corpus, the court that is entertaining the application may conduct an initial review to determine if it appears from the face of the application that the applicant is not entitled to habeas relief.  28 U.S.C. § 2243.  In this case, based upon the face of Petitioner's application and additional filings, Petitioner is not entitled to relief.

In February of 1977, Petitioner was granted a two-day furlough while serving a six-year sentence for bank robbery at the Metropolitan Correctional Center in Chicago.  During the furlough, Petitioner and two co-offenders forcibly entered an apartment, fatally shot a woman, and severely injured a second victim.  See Pardo v. Chrans, 528 N.E.2d 1071 (Ill. App. Ct. 1998).  Defendant was convicted in Cook County of murder, attempted murder, and armed robbery.  See People v. Pardo, 404 N.E.2d 501 (Ill. App. Ct. 1980).  On April 10, 1978, Petitioner was sentenced to 4 to

10 years for the armed robber, 35 to 75 years for the attempted murder, and 75 to 150 years for murder.  He appealed but the appellate court affirmed Petitioner's conviction.  Id.

Petitioner was denied parole in 1985, 1986 and 1987.  After his 1987 denial, Petitioner filed a habeas petition in state court arguing that the board relied upon erroneous information and that the parole board had failed to recite accurate factual information supporting its determination to deny Petitioner parole.  Both the state trial court and the state appellate court denied Petitioner's request for habeas relief. See Pardo, 528 N.E.2d 1071.

Now, Petitioner has come before this Court and has asked this Court for a declaration finding that the application of Illinois Statute 730 ILCS 5/3-3-2.1 to Petitioner's case would violate Petitioner's constitutional rights.  730 ILCS 5/3-3-2.1 was passed after Petitioner committed his crime but before Petitioner was sentenced.  It governs prisoner release dates and requires the prison review board to set a fixed release date for every prisoner sentenced after 1977.  However, prisoners that receive a minimum sentence of 20 years or more are not entitled to a fixed release date.

Petitioner received three concurrent sentences: one for 4 to 10 years for armed robber, one for 35 to 75 years for attempted murder, and one for 75 to 150 years for murder.  Petitioner first argues that he should be entitled to a fixed release date because, according to Petitioner, his sentence range is between 4 and 150 years.  This is absurd – Petitioner's minimum sentence 75 years and his maximum is 150 years.  Under the statute as written he is not entitled to fixed release date.

Next, Petitioner argues that it would violate the *ex post facto* clause of the Constitution to apply 730 ILCS 5/3-3-2.1 to Petitioner's case. In this case, the law was passed after Petitioner committed his crime. So, according to Petitioner, in should not be applied retroactively in a way that negatively affects his rights. However, Petitioner still wants to receive a fixed release date under 730 ILCS 5/3-3-2.1. Instead, Petitioner believes that the "arbitrary" limit of a twenty year sentence should not apply to him because he committed his crime before the law was passed in 1977. In short, Petitioner argues that it is a violation of the *ex post facto* clause to apply the twenty year minimum for fixed release dates to a person that committed their crime before the date that the law was passed.

Alas, this Court cannot consider this argument because Petitioner has not exhausted his state court remedies.[1] A habeas petitioner "may not resort to federal court without first giving the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). A state court must "be given the *opportunity* to decide an issue; it is not necessary that the court explicitly rule on the issue." Wallace v. Duckworth, 778 F.2d 1215, 1223 (7th Cir. 1985) (emphasis in original).

---

[1] Even if this Court did consider Petitioner's argument, this Court does not believe that Petitioner's argument would have any merit. There is no constitutional right to a fixed release date. At the time that Petitioner committed his crimes he was not entitled to a fixed release date. After his conviction, Illinois chose to expand a prisoner's rights and provided a fixed release date for certain prisoners. It was well within Illinois' power to provide fixed release dates, and it is also within their discretion to limit that right to prisoners who received less than twenty years. Petitioner would now like this Court to expand that right to additional prisoners who received a minimum sentence of greater than twenty years, but who committed their crime before the date the act was passed. This Court does not have the authority to provide such a preposterous expansion of a state prisoner's rights.

In this case, Petitioner acknowledges that he did not exhaust his state court remedies, but argues that it would be futile to bring his claims in state court. Petitioner argues that the Illinois Supreme Court recently denied similar arguments in Heidelberg v. Chambers, 865 N.E.2d 968 (table), No. 103975 (Ill. 2007). First of all, Heidelberg is not a published decision which lays out the reasoning of Illinois Supreme Court on this issue. Instead, Heidelberg is nothing more than an unpublished minute entry from the Illinois Supreme Court denying a petition leave to appeal. There is nothing in this minute entry which would lead this Court to believe that the Illinois Supreme Court has resolved this issue.

Secondly, simply because the Court in Heidelberg may have rejected the available argument does not mean that Petitioner is excused from exhausting his state court remedies. "[T]he pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." White v. Peters, 990 F.2d 338, 342 (7th Cir.1993). In this case, there is a clear procedure for exhausting a state court remedy, and the fact that the state court may not be inclined to rule in Petitioner's favor is no excuse for failing to exhaust the available remedy.

Accordingly, Petitioner must first exhaust his state court remedies before bringing this action in a federal court.

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus is DENIED WITHOUT PREJUDICE. Petitioner's Motion to Excuse Exhaustion of State Remedies is DENIED. The clerk is directed to send a copy of this Order to Respondents.

CASE TERMINATED.

ENTERED this __18th__ day of August, 2008.

s/ Joe Billy McDade<br>Joe Billy McDade<br>United States District Judge